UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK VENSON,
HELEN VENSON

       Plaintiffs,

v.                              Case No. 3:17-cv-00042-J-34PDB

CAMPING WORLD, INC.
WINEBAGO INDUSTRIES,

       Defendants.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("It is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

    On January 13, 2017, Defendant Winebago Industries (Winebago) filed a notice of removal notifying the Court of its intent to remove this action to the United States District

1

Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts establishing that the Court has jurisdiction over this action.  See Defendant Winebago's Notice of Removal (Doc. 1; Notice), at 1–3.  Specifically, Winebago asserts that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, in accordance with 28 U.S.C. § 1332, and therefore, this action is removable pursuant to 28 U.S.C. § 1441.  See id. at 2.  Additionally, Winebago contends that the Court has supplemental jurisdiction over any other claims asserted in the complaint, see Complaint (Doc. 2; Complaint), pursuant to 28 U.S.C. §§ 1441(c).  In support of its assertions, Winebago declares that "as set forth in the Complaint, … Plaintiffs, Mark Venson and Helen Venson are citizens of the State of Florida."  Id. at 2, ¶ 3.  However, although Winebago asserts that Plaintiffs Mark Venson and Helen Venson (collectively, Plaintiffs) are citizens of Florida, a review of the complaint discloses that Plaintiffs merely "own property in Duval County, Florida, and purchased a recreational vehicle … in St. Johns County Florida."  See Complaint ¶ 1.[1]  This allegation does not adequately identify Plaintiffs' citizenship, and thus, the Court is without sufficient information to satisfy its jurisdictional inquiry.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  A natural person's citizenship is determined by her "domicile," or "the place of h[er] true, fixed, and permanent home and principal establishment . . . to which [s]he has the intention of returning whenever [s]he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254,

---

[1] In fact, Exhibit A of the Notice suggests that Plaintiffs may be citizens of Nevada.  See Notice, Ex. A: W. Scott Powell E-mail.

1257–58 (11th Cir. 2002) (quotation and citation omitted).  Because the Notice alleges Plaintiffs' citizenship by citing to the Complaint, which discloses only that Plaintiffs own property in Florida, rather than their domicile or state of citizenship, the Court finds that Winebago has not alleged the facts necessary to establish the Court's jurisdiction over this case.[2]  In light of the foregoing, the Court will give Winebago an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action.[3]  Accordingly, it is **ORDERED**:

Defendant Winebago Industries shall have up to and including **April 21st, 2017**, to provide the Court with additional information demonstrating that this Court has diversity jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 4th day of April, 2017.

MARCIA MORALES HOWARD
United States District Judge

---

[2]   Indeed, carefully ascertaining the citizenship of the parties and whether the Court has subject matter jurisdiction over this action is more than just an academic exercise, as is evident from two recent Eleventh Circuit cases.  See Thermoset Corp. v. Bldg. Materials Corp of Am., __ F.3d __, 2017 WL 816224, at **1-2 (11th Cir. Mar. 2, 2017) (vacating summary judgment order after three years of litigation where court determined on appeal that the pleadings below had not sufficiently alleged the citizenship of a defendant limited liability company, and upon further inquiry, found that the defendant limited liability company had a non-diverse member); see also Purchasing Power, LLC v. Bluestem Brands, Inc., __ F.3d ___, 2017 WL 1046103, at *2, 7 (11th Cir. Mar. 20, 2017) (discussing whether sanctions were warranted in a case where summary judgment was reversed on appeal after the appellate court discovered that the pleadings did not sufficiently allege the citizenship of the plaintiff LLC, leading to the realization that there was no diversity jurisdiction) ("While the requirements of diversity jurisdiction in this scenario are complicated, they are the law.  No party in this case acted with bad intentions, but the result was a colossal waste of time and effort.  We trust that the damage done to the parties' credibility, finances, and time is enough of a sanction to curb their conduct and to serve as a warning to future diversity jurisdiction litigants. In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction. We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

[3]   The party seeking to invoke the Court's diversity jurisdiction bears the burden of establishing by a preponderance of the evidence that the jurisdictional prerequisites are met.  See McCormick, 293 F.3d at 1257; see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("noting that the "pleader must affirmatively allege facts demonstrating the existence of jurisdiction.").

3

lc25
Copies to:
Counsel of Record

4